# United States Bankruptcy Court
## Western District of Wisconsin

In re   **Quantum Leap Restaurants, Inc.**

Debtor(s)

Case No. _____

Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept............................................................ | $ ** |
   | Prior to the filing of this statement I have received............................................. | $ 105,953.09 |
   | Balance Due | $ 0.00 |

2. The source of the compensation paid to me was:

   ☒ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: **

   a. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service: **

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **October 17, 2013**

/s/ James D. Sweet
James D. Sweet 1017557
Kerkman Dunn Sweet DeMarb
121 S. Pinckney Street, Suite 525
Madison, WI 53703
608-310-5501   Fax: 608-310-5525
jsweet@kerkmandunn.com

---

** See attached engagement letter.

**KERKMAN DUNN
SWEET DeMARB**

A Partnership of Limited Liability Corporations

Suite 525
121 S. Pinckney St.
Madison, WI 53703
Phone: 608.310.5500
Fax: 414.277.0100

Direct Line: 608.310.5501

October 16, 2013

VIA E-MAIL (tlarson@larsonmanagement.com)
AND 1ST CLASS MAIL
PERSONAL AND CONFIDENTIAL
ATTORNEY/CLIENT PRIVILEGED COMMUNICATION

Mr. Thomas G. Larson
President
Quantum Leap Restaurants, Inc.
c/o The Larson Companies
3502 Oakwood Mall Drive, Suite A
Eau Claire, WI 54701

> Re: Kerkman Dunn Sweet DeMarb (a/k/a Kerkman & Dunn) ("KDSD") Representation of Quantum Leap Restaurants, Inc. ("QLR") and Sioux Restaurants LLC ("Sioux" and QLR and Sioux, collectively, "Clients")

Dear Tom:

QLR retained us to assist it with its financial issues back in June. At that time, we knew that chapter 11 was a real possibility if certain issues were not resolved favorably to QLR. It now appears that filing chapter 11 is inevitable. Such a filing would also include a wholly owned subsidiary of QLR, namely Sioux.

We promised that if chapter 11 became a real possibility that we would update our engagement disclosure to you about retainer needs and hourly rates. This letter is designed to address both updates.

Our hourly rates for administering the chapter 11 case will not change from those disclosed earlier this year. Hourly rates for attorneys engaged in the chapter 11 cases will range from $225.00 to $475.00 per hour, and our paralegal charges $150.00/hour. We will utilize the lowest priced KDSD professional to complete the

Mr. Thomas G. Larson
October 16, 2013
Page 2

various tasks within KDSD's engagement, subject to meeting KDSD's standards for practice quality and timeliness.

Our invoicing will be dictated by court order, but the terms of the cash collateral agreement provide for weekly payments by Clients of a combined $12,500 per week. These weekly payments will be treated as advance deposit payments against invoices to be issued and approved by the Court. We may find it necessary to invoice Clients weekly, or less than weekly as activity slows. But, Clients will be expected to make the $12,500 per week advance deposit payments regardless of the frequency of our invoicing.

Clients understand that KDSD is being retained by them to act in their best interest, and not in the interest of any other party, including other affiliated companies and shareholders. KDSD has agreed to proceed with filing the chapter 11 cases in consideration for: 1) payment of all pre-petition fees and costs incurred by QLR as of the day prior to the filing date; 2) a pre-petition advance payment by Clients of not less than $25,000.00; and 3) the $12,500 per week payments post-petition advance payments, as noted above (collectively, #2 and 3 are referred to as the "Advance Payments"). The Advance Payments shall be treated as security for performance of services under this engagement, to be paid in accordance with the payment provisions set forth below. Absent the Advance Payments, KDSD was not obligated to continue as counsel to QLR or act on behalf of Clients.

Clients have made the $25,000 Advance Payment deposit to our trust account. It may make its additional $12,500 per week Advance Payments by sending a check, made payable to "K&D Trust Account, to the address below, or by wiring the funds to the wire address contained in the original engagement letter.

In accordance with applicable Wisconsin law concerning the holding of advance payments, the Advance Payment, when received, shall be placed in a trust account maintained by KDSD for such purposes, with interest thereon being paid to IOLTA, absent a specific agreement with Clients to the contrary. The Advance Payment may be removed from such trust account only in accordance with Wisconsin law, as modified by the terms of this Agreement and in accordance orders of the Bankruptcy Court.

The Advance Payment is deemed to be security for the services to be provided to Clients now and in the future. It is not intended to pay any specific invoice or charge. In the event an insolvency proceeding is filed, the $25,000 Advance Payment, coupled with additional Advance Payments from Clients, will

Mr. Thomas G. Larson
October 16, 2013
Page 3

become a security arrangement that must be disclosed to the Court and creditors. KDSD may only pay invoices from the Advance Payment in accordance with Wisconsin law and orders of the Bankruptcy Court.

Clients hereby authorizes KDSD to transfer Advance Payment funds from its trust account to pay any outstanding attorneys' fees or disbursements owed by Clients to KDSD on the same day KDSD provides the invoice to Clients, subject to any modification of this procedure by order of the Bankruptcy Court. Pursuant to this Agreement and state law, specifically SCR 20:1.15(g), and subject to modification of the following by order of the Bankruptcy Court, Clients authorize KDSD to withdraw payment for fees that have been earned from Clients' funds in the KDSD trust account when KDSD sends Clients (via email) an itemized bill containing: (1) the amount owed; (2) the anticipated date of withdrawal from trust; and, (3) an accounting that shows, among other things, the balance of Clients' funds held in the KDSD trust account after that withdrawal. Subject to further order of the Bankruptcy Court, if Clients provide to KDSD a specific and reasonable objection to the disbursement within thirty (30) days of receiving an itemized bill from KDSD, KDSD will return the disputed funds to the trust account as required by law until the dispute is resolved, unless KDSD believes that the objection is not reasonable and KDSD provides Clients a written explanation of KDSD's position. Clients may dispute a fee after the thirty days has passed, but KDSD is not legally required to return the disputed portion of the fee to the trust account unless Clients dispute the fee within thirty days.

Other professionals, such as investment bankers, accountants and brokers, may be required to facilitate the delivery of the services referred to herein or to administer the chapter 11 cases. In the event any such professional is required, such professional shall be selected by Clients, after consultation with KDSD, and shall be retained directly by Clients or the respective bankruptcy estates, as the case may be, unless it is determined that such expert should be retained by counsel to preserve a right of privileged communications or attorney work product. Specifically, as we proceed toward a chapter 11 filing, in the event the retention of such person or company is required to be approved by a court, the retention shall take place only after the appropriate court has approved the retention of such persons or firms. Clients agree that any fees, cost reimbursements or Advance Payment paid to KDSD shall not be shared with any other professional without KDSD's written consent.

In the unlikely event special counsel or "conflicts counsel" is required after filing the chapter 11 cases, such counsel shall be selected by KDSD, after

Mr. Thomas G. Larson
October 16, 2013
Page 4

consultation with Clients, but shall be retained directly by Clients or the respective bankruptcy estates after the Bankruptcy Court has approved the retention of such persons or firms, if necessary. In such event, Clients agree that such special counsel shall be retained by Clients under § 327 or § 328 of the Bankruptcy Code (and not by KDSD), and that any fees, cost reimbursements or Advance Payment paid to KDSD shall not be shared with any special counsel without KDSD's written consent.

<u>Limited Liability Organization Disclosures in Compliance with Wisconsin Supreme Court Rule 20:5.7.</u> Kerkman Dunn Sweet DeMarb (KDSD) is a partnership consisting of limited liability companies. Clients are employing the partnership. In addition to KDSD, we practice under the trade name of Kerkman & Dunn. Clients' recourse against KDSD is only against the partnership and the individual attorney providing service. The partnership, as a limited liability organization, carries errors and omissions insurance.

Rebecca DeMarb and I will be your primary contacts for this matter, although it is likely that other lawyers and staff from KDSD will work on your matters. If you have any questions regarding this engagement or the services KDSD is providing, you should feel free to contact Rebecca or me directly, on the phone or by e-mail (my e-mail address is located below my signature; Rebecca's is rdemarb@kerkmandunn.com).

Our policy is to attempt to return all telephone calls and e-mail messages promptly and in any event no later than the next business day, unless we are traveling. If you have not received a return phone call or e-mail within that time period, please call or e-mail again to determine if there was a problem delivering your original message. If neither of us proves to be available to you, please call our paralegal, Carol Mays at (608) 310-5500. We look forward to working with you to resolve Clients' financial problems.

Sincerely,

James D. Sweet
jsweet@kerkmandunn.com

JDS:cjm
343
QLR-Sioux Engagement lt
cc:   Attorney Rebecca R. DeMarb